Affirmed and Memorandum Opinion filed April 13, 2006









Affirmed
and Memorandum Opinion filed April 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01137-CR

____________

 

ALEJANDRO
CONTRERAS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 973,961

 



 

M E M O R A N D U M    O P I N I O N

Appellant Alejandro Contreras pleaded
guilty to one count of aggravated assault. 
Following a presentence investigation (PSI) hearing, the trial court
sentenced him to twenty years imprisonment in the Texas Department of Criminal
JusticeCInstitutional
Division.  In this pro se appeal, we
consider (1) whether appellant received ineffective assistance of counsel at
the time he pleaded guilty and during the course of his PSI hearing; and (2)
whether the trial court properly admonished appellant prior to accepting his
guilty plea.  We affirm.

 








I.  Factual and Procedural Background

Appellant was charged with one count of
aggravated assault.  On August 23, 2004,
appellant pleaded guilty to the charge without an agreed sentencing
recommendation from the State.  Before
accepting his plea, appellant received several written admonishments from the
trial court.  Appellant indicated his
understanding of these admonishments by initialing the form on which they were
printed.  The trial court accepted
appellant=s guilty plea but deferred a finding of
guilt so that a PSI report could be prepared.

On October 15, 2004, the trial court held
a hearing at which both the State and appellant had an opportunity to object to
or comment on the information contained in the PSI report.  Because the section of the PSI report
describing appellant=s prior criminal history included some
handwritten notations, both sides offered information to clarify the nature of
the offenses and the punishments imposed on appellant.  Although the PSI report indicated appellant
sought probation in lieu of incarceration, appellant=s trial counsel,
James Brooks, informed the court that appellant was ineligible for
probation.  Brooks also reminded the
court that one of the offenses for which appellant had been previously
convicted was a felony.  Aside from these
clarifications, however, Brooks raised no objections to the report and did not
move to withdraw appellant=s plea.  At the conclusion of the hearing, the trial
court sentenced appellant to twenty years incarceration.

Appellant filed this direct appeal acting
pro se.

II.  Issues Presented

Appellant presents three issues for our
review.  In his first issue, appellant
argues he received ineffective assistance of counsel because the sentence imposed
by the trial court did not conform with the plea bargain Brooks allegedly
promised him.  In his second issue,
appellant argues the trial court denied him due process of law by failing to
properly admonish him on the range of punishment.  In his third issue, appellant asserts that
his waiver of a jury trial was not entered knowingly or voluntarily.  Because appellant=s third issue
tacitly alleges ineffective assistance of counsel, we address it in our
analysis of appellant=s first issue.








III.  Analysis

A.      Was
Appellant Denied Effective Assistance of Counsel?

Appellant argues in his first issue that
Brooks committed multiple acts and omissions that denied him effective
assistance of counsel at his PSI hearing. 

To prove an ineffective assistance of
counsel claim, appellant must show that (1) the trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms; and (2) there is a reasonable probability that the result
of the proceeding would have been different but for trial counsel=s deficient
performance.  Strickland v. Washington,
466 U.S. 668, 688B92 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005). 
Although appellant bears the burden of proving his claims by a
preponderance of the evidence, we are highly deferential to counsel=s performance and
indulge a strong presumption that his or her conduct fell within the range of
reasonable representation.  Salinas,
163 S.W.3d at 740. 

When a claim for ineffective assistance of
counsel is presented on direct appeal, Aany allegation of
ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Id. at 740.  Therefore, we examine the record for evidence
of appellant=s claims.

1.       Ineffective
Assistance in Connection with Appellant=s Plea of Guilty








In his brief, appellant claims Brooks
informed him of an arrangement with the State under which appellant would plead
guilty to one count of simple assault in exchange for a deferred sentence of
fewer than twenty years imprisonment. 
Allegedly, Brooks asked appellant to Asign all of the
admonishment documents, waivers, and the plea of guilty document@ and assured
appellant that Brooks would Afill in the rest
of the needed information.@  The record reflects these documents were
filed with the trial court on August 23, 2004. 
Appellant contends he did not learn that he pleaded guilty to aggravated
assault without an agreed sentencing recommendation until the trial judge began
the PSI hearing on October 15, 2004.

In three alternative claims, appellant
argues Brooks=s representation was ineffective because
(1) Brooks failed to inform the trial judge of the plea agreement when given an
opportunity to object; (2) Brooks failed to inform appellant that the State
withdrew its offer of a plea agreement; or (3) Brooks improperly induced
appellant to plead guilty by assuring him of a plea agreement that did not
exist.  Appellant also alleges Brooks Aallow[ed]
otherwise inadmissible evidence such as the judge=s findings of a
deadly weapon.@  
Finally, appellant argues he did not knowingly and voluntarily waive his
right to a jury trial because Ahe mistakenly
believed that he had to waive a jury in order to [receive] a presentence
investigation [report] and/or hearing,@  In sum, all five of these alleged errors
fault Brooks for allegedly failing to inform appellant that he could
potentially receive a twenty-year prison sentence for aggravated assault.

Although the record shows that Brooks did
not object to the trial court=s announcement of
appellant=s plea, it makes no reference to any plea
negotiations.  Further, there is no support
in the record for appellant=s claim that he
signed any incomplete forms Ain advance@ or without
knowledge of the potential ramifications. 
To the contrary, the record indicates that appellant signed a AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ before the deputy
district clerk,  the assistant district
attorney, and the trial judge on August 23, 2004.  The first three sentences of this document
state the following:

In open court and prior to entering
my plea, I waive the right of trial by jury. 
I also waive the appearance, confrontation, and cross-examination of
witnesses, and my right against self-incrimination. The charges against me
allege that in Harris County, Texas, ALEJANDRO CONTRERAS . . . on or about
January 12, 2004, did then and there unlawfully, intentionally, and knowingly
cause bodily injury to RICARDO PINEDA by using a deadly weapon, namely, a
FIREARM.








Contrary to appellant=s allegations,
Brooks did not Aallow[] inadmissible evidence@ of a deadly
weapon; rather, by signing the waiver, appellant acknowledged he used a
firearm.  Furthermore, appellant also
acknowledged a plea of guilty to one count of aggravated assault without an
agreed sentencing recommendation and affirmed, AI am satisfied
that the attorney representing me today in court has properly represented me
and I have fully discussed this case with him.@  Because appellant has provided no evidence
that his trial counsel=s representation was not objectively
reasonable, he has not met the requirements for the first prong of Strickland.  Appellant=s arguments that
his trial counsel failed to effectively assist him with his plea are overruled.

2.       Ineffective
Assistance at the PSI Hearing

Appellant also
claims Brooks=s statements at the PSI hearing subjected
appellant to a greater punishment and thus, rendered Brooks=s representation
ineffective.  The record includes a copy
of appellant=s PSI report, which indicates a history of
three prior theft-related offenses.[1]
According to the report, appellant was incarcerated in the Harris County Jail
for two of these offenses, once for forty-five days, and once for one
year.  The third offense, which was
handwritten on the report, indicated AUUMVCFelony Theft.@[2]  The record also reflects that Brooks provided
additional information about one of these convictions at the PSI hearing:

THE COURT: Mr. Brooks, you have any
objections or alterations or deletions that need to be made to the PSI written
report?

* * *








BROOKS: I believe there was a statement
made somewhere in the PSI that [appellant] wanted probation.  I=ve explained to him . . . that he=s not probation eligible.[3]

THE COURT: And I hope that he
understands I can=t give probation on an aggravated
sentence.  I could give deferred.

BROOKS: Judge, the 2144A [sic] was
a felony conviction.[4]

THE STATE: It was a theft.  I need to make that clear on the record.

THE COURT: Okay.

BROOKS: So, that is something that
[appellant] understands . . . .

As with appellant=s previous
allegations, the record is devoid of any evidence to support his contention
that Brooks=s statements were so unreasonable as to
render his representation ineffective as a matter of law.  Because the record does not provide
sufficient evidence to satisfy the first prong of Strickland on any of
his claims of ineffective assistance of counsel, we need not address the second
prong.  Appellant=s first issue is
overruled.

B.      Did
the Trial Court Properly Admonish Appellant Prior to His Guilty Plea?

In appellant=s second and third
issues, he contends that the trial court failed to inform him of the potential
range of punishment. 








Prior to filing
his guilty plea, appellant received the following admonishments from the trial
court: (1) he was subject to punishment for a second degree felony; (2) any
sentencing recommendation by the prosecuting attorney was not binding on the
trial court; (3) a guilty plea might result in appellant=s deportation; and
(4) if placed on deferred adjudication, he could raise issues in the plea
proceeding on appeal.  The trial court=s admonishments
complied with the statutorily required admonishments for a guilty plea.  See Tex.
Code Crim. Proc. art. 26.13(a) (West 2005).[5]  When the record shows that the trial court
substantially complied with article 26.13(a), the burden shifts to appellant to
demonstrate that he was not aware of the consequences of his plea and that he
was misled or harmed by the admonishments of the court.  Miller v. State, 879 S.W.3d 336, 337B38 (Tex. App.CHouston [14th
Dist.] 1994, pet ref=d) (citing art. 26.13(c)).  Appellant has not met this burden.

Lastly, appellant
argues the trial court=s admonishments were insufficient because
the court improperly engaged in the plea bargaining procees by agreeing to
assess deferred adjudication probation which created an affirmative duty to
provide accurate information on the availability of deferred adjudication.  We conclude the trial court properly
admonished appellant.  Furthermore,
although the trial court correctly stated that appellant was eligible for
deferred adjudication, at no point did the trial court agree to grant such
relief. 

For the foregoing
reasons, the judgment of the trial court is affirmed.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed April 13,
2006.

Panel consists of Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1] The record also indicates a history of driving with a
suspended license, carrying a weapon, possession of marijuana, and a violation
of federal immigration laws.





[2] AUUMV@ is an abbreviation for AUnauthorized
Use of a Motor Vehicle,@ which is a state jail felony.  Tex.
Pen. Code ' 31.07 (West 2005). 
The handwritten notation did not indicate whether appellant was
convicted of the charge, but the State acknowledged at the PSI hearing that
appellant received probation for the offense.





[3] Appellant affirms the validity of this statement in
his brief.  See Appellant=s Br. at 15.





[4] Although the record indicates Brooks said A2144A,@ this may be a clerical error in the
transcription.  We assume Brooks was
referring to Section 12.44(a) of the Texas Penal Code, which allows a court to
incarcerate a defendant convicted of a state jail felony in a county jail, as
if the defendant were convicted of a class A misdemeanor.  Tex.
Pen. Code ' 12.44(a) (West 2005).  In his
brief, appellant repeatedly alleges that Brooks was referring to the UUMV when
he informed the court of a prior felony
conviction and argues that error was committed because appellant only received
probation for the UUMV.  However, section
12.44 does not apply to an offense for which the defendant was not
incarcerated.  Moreover, the State
clarified that the felony under discussion was a theft.





[5] A fifth admonishment identified in the statute
requires a defendant to be informed that he must receive permission from the
trial court to appeal if the assessed punishment does not exceed the State=s recommended punishment.  Tex.
Code Crim. Proc. art. 26.13(c) (West 2005).  Because there was no agreed sentencing
recommendation, this admonishment was not required in the instant case.